IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANGELO SEARCY,

    Petitioner,

vs.

PEOPLE OF THE STATE OF CALIFORNIA,

    Respondent.

No. CIV S-07-0368 GEB KJM P

<u>ORDER AND</u>

<u>FINDINGS AND RECOMMENDATIONS</u>

    Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

    On August 3, 2007, respondent filed a motion to dismiss on the ground that the claims in the petition have not been exhausted.

    On October 15, 2007, the court issued an order to show cause, directing petitioner to demonstrate why the motion should not be granted and warning petitioner that the case would be dismissed should he fail to respond.

    On December 17, 2007, this court recommended that the case be dismissed as a result of petitioner's failure to prosecute.

/////

1

On January 17, 2008, petitioner filed objections to the findings and recommendations. He does not address his earlier failure to respond to the motion or to the court's order, but rather asks for a stay of the proceedings to enable him to exhaust state remedies.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 116 S. Ct. 2074,

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1  2081 (1996).  The United States Supreme Court has held that a federal district court may not
2  entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with
3  respect to each of the claims raised.  Rose v. Lundy, 455 U.S. 509 (1982).
4        Petitioner raises one claim with several subparts and one additional claim in his
5  petition.  In his first ground for relief, petitioner asserts there were no fingerprint comparisons or
6  DNA tests conducted on the evidence and that the trial court instructed the jury with CALJIC No.
7  2.62.  In his second ground for relief, petitioner argues that the trial court abused its discretion in
8  instructing the jury to continue to deliberate after it declared a deadlock.
9        After reviewing the record in this action, the court finds petitioner has failed to
10 exhaust state court remedies as to any of the claims raised in his federal petition.  In the Petition
11 for Review filed in the California Supreme Court, petitioner argued that the instruction given to
12 the deadlocked jury was coercive and urged the court to consider the propriety of the instruction
13 approved in an earlier Court of Appeal case.  Lodged Document 5 at 5.  Petitioner did not cite
14 any federal constitutional provisions or case law or even couch the argument in terms of
15 constitutional due process or the right to a fair trial.  Moreover, petitioner did not raise the
16 additional grounds included in the federal petition in the California Supreme Court.  The petition
17 is completely unexhausted.
18       Petitioner has asked for a stay, however, to allow him to exhaust state remedies.
19       In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court recognized that a
20 district court has the discretion to stay a "mixed" petition containing both exhausted and
21 unexhausted claims in order to allow a petitioner to exhaust state court remedies:

> [I]t likely would be an abuse of discretion for a district court to deny a stay ... if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

25 Id. at 278.  In Dolis v. Chambers, 454 F.3d 721, 725 (7th Cir. 2006), the Court of Appeals
26 remanded a completely unexhausted petition so the district court could consider whether a stay

1  was appropriate under the Rhines factors. The appellate court's determination was based, in part,
2  on its recognition that a dismissal of Dolis's unexhausted petition "would effectively end any
3  chance at federal habeas review." Id.; see also Akins v. Kenney, 410 F.3d 451, 456 n.1 (8th Cir.
4  2005) (remanding so the district court could consider a stay even though Court of Appeal was not
5  convinced any of the claims were exhausted).
6        In this case, however, petitioner has not made a sufficient showing under Rhines
7  to justify the stay.  The petition should be dismissed as unexhausted.
8        Accordingly, IT IS HEREBY ORDERED that the findings and recommendations
9  of December 17, 2007 are hereby vacated.
10       IT IS HEREBY RECOMMENDED that:
11       1. Petitioner's January 17, 2008 request for a stay be denied; and
12       2. The petition for a writ of habeas corpus be dismissed for failure to exhaust
13 state remedies.
14       These findings and recommendations are submitted to the United States District
15 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
16 days after being served with these findings and recommendations, any party may file written
17 objections with the court and serve a copy on all parties.  Such a document should be captioned
18 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
19 shall be served and filed within ten days after service of the objections.  The parties are advised
20 that failure to file objections within the specified time may waive the right to appeal the District
21 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
22 DATED: February 5, 2008.

                                      U.S. MAGISTRATE JUDGE

26 2/sear0368.57